

FILED & JUDGMENT ENTERED
Steven T. Salata

Apr 28 2014

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

J. Craig Whitley
United States Bankruptcy Judge

| | |
|---|---|
| In re: ) | |
| ) | |
| **ADRIAN BRYAN MURRELL,** ) | Chapter 7 |
| ) | |
| Debtor. ) | Case No. 13-32400 |
| ) | |
| ) | |
| **ADRIAN BRYAN MURRELL,** ) | |
| ) | |
| Plaintiff ) | |
| v. ) | Adversary Proceeding |
| ) | Case No. 13-3207 |
| **FIRST HORIZON HOME LOAN** ) | |
| **CORPORATION, BAYVIEW LOAN** ) | |
| **SERVICING, LLC and TRUSTEE** ) | |
| **SERVICES OF CAROLINA DOES** ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER DENYING MOTION TO REOPEN AND MOTION TO RECUSE**

**BEFORE THIS** Court are the following documents filed by the former *pro se* Chapter 7 Debtor, Adrian Bryan Murrell ("Murrell"):

(i) "Motion to Recuse Judge J. Craig Whitley, Void and Set Aside Consent Order" filed on April 1, 2014 ("Motion to Recuse"), and

(ii) a "Notice to Reopen Bankruptcy Case[1] filed on April 10, 2014.

Regarding the Notice, this is a dismissed case, not a closed one. Additionally, Murrell has not filed a motion to set aside the dismissal of the case, but only a notice to reopen. Even so,

---
[1] Pursuant to Federal Rule of Bankruptcy Procedure 5010, a case may be reopened pursuant to 11 U.S.C. § 350 (b) upon <u>motion</u> of the debtor.

we will treat the second filing as a motion to reconsider dismissal of the case and adversary proceeding and to vacate the consent order in question.

However, upon consideration of those pleadings and the record in this and Murrell's prior case, both motions are **DENIED**.

### Statement of Facts and Procedural Posture

**I. Murrell's First Bankruptcy Case**

Murrell first filed a Chapter 13 case in this court on May 17, 2013. *See* Case No. 13-31086. At the time, Murrell was engaged in a foreclosure battle over his former home with Bayview Loan Servicing, LLC ("Bayview"). *See* Order Granting Motion for Confirmation that the Stay does not Apply to the Property and Motion for Relief from Automatic Stay, ECF No. 23, June 28, 2013.

Originally, Murrell and his wife executed a Note in favor of First Horizon Loan Corporation on May 27, 2005 in the original principal amount of $1,500,000.00 (as modified in 2010, the "Note"). The Murrells' obligations under the Note were secured by the home, located at 17236 Dolphin Lane, Cornelius, North Carolina (the "Property"), pursuant to a Deed of Trust recorded at Book 18814, Page 123 of the Mecklenburg County Public Registry on June 1, 2005. *Id.* The Note was assigned to Bayview Loan Servicing LLC ("Bayview") who was the holder of a Promissory Note at the first petition date.

The Murrells however, were not the owners of the Property on the date of bankruptcy. The Murrells' loan went into default for non-payment, and Bayview initiated foreclosure proceedings in the Superior Court for Mecklenburg County in 2011.

Apparently seeking to avoid foreclosure, on March 26, 2013, the Murrells deeded the Property to an entity known as the Phoenician Irrevocable Trust (the "Trust"). That effort was

unsuccessful and on April 10, 2013, the Mecklenburg County Clerk of Court entered an order in the foreclosure proceeding finding, among other things, that the Note was valid, Bayview was the holder of the Note, and that the Borrower was in default on the Note. Accordingly, the Clerk ordered that the Property be sold at foreclosure (the "Foreclosure Order"). A foreclosure sale was held on May 8, 2013. Bayview was the winning bidder, with a bid of $1,335,319.00.

On May 17, 2013, nine days into the ten day upset period, Murrell filed a pro se Chapter 13 bankruptcy case in this Court (the "First Bankruptcy Case"). That case was assigned to the Chief Judge of this Court, the Hon. T. Laura Beyer.

On June 5, 2013, Bayview sought confirmation that the automatic stay did not apply to the foreclosure, or alternatively, relief from stay to complete the foreclosure. *See* Motion for Confirmation that the Stay Does Not Apply to the Property or, in the Alternative, Motion for Relief from the Automatic Stay, Application of 11 U.S.C. §362(e), and Waiving Requirements of Federal Rule of Bankruptcy Procedure 4001(a)(3), ECF No. 19, June 5, 2013. That motion was heard on June 25, 2013 by the Hon. George R. Hodges who was presiding in Chief Judge Beyer's absence.

Since the Trust was the record owner of the Property at the date of Murrell's First Bankruptcy Case, Murrell's Chapter 13 filing did not stay the foreclosure. Accordingly, Judge Hodges ruled that the ten-day upset bid period in the state court foreclosure proceeding expired the day after the First Bankruptcy Case was filed, or May 18, 2013. *See* ECF No. 23. The upset bid period having run, Judge Hodges held that the Property was not property of Murrell's bankruptcy estate, but instead was owned by Bayview. *Id*. Later, Murrell's First Bankruptcy Case was dismissed, by order of Chief Judge Beyer on July 2, 2013. *See* ECF No. 25. Murrell did not appeal either order.

3

**II. Bayview Becomes Owner of the Property**

In State Court, on July 19, 2013, a Substitute Trustee's Deed was recorded with the Mecklenburg County Register of Deeds, Book 28538, Page 327 making Bayview the record owner of the Property (the "Substitute Trustee's Deed").

**III. Murrell's U.S. District Court Suit**

Murrell and the Trust sued Bayview, First Horizon, and others in U.S. District Court on June 24, 2013 with respect to the mortgage debt on the Property. (the "Federal Court Action") *See Murrell* v. *First Horizon Loans*, Case. No. 3:13-cv-00385-GCM. While largely incomprehensible, this pro se Complaint[2] generally accused First Horizon, *et. al* of fraud in regard to the mortgage debt and the foreclosure of the Property. It demands that the lenders' Note and Mortgage be returned or stricken, and that failing, that the Plaintiffs recover damages in the sum of $4,500,000 against the Defendants. *Id.*

On October 30, 2013, the Honorable Graham C. Mullen dismissed the Federal Court Action, holding that Murrell's Complaint failed to state a claim upon which relief could be granted. Murrell did not appeal that Order, either.

**IV. Murrell's Small Claims Action.**

On August 22, 2013, and while the U.S. District Court suit was pending, Murrell filed a small claims action in State Court to allegedly evict Bayview from the Property. Bayview had not commenced any eviction action at this time and Murrell remained in the Property. Due to insufficient service, the Debtor obtained a judgment for summary ejectment against Bayview.

---

[2] Murrell signed the complaint on behalf of both Plaintiffs.

4

Bayview filed a Motion to Set Aside the Judgment. On November 8, 2013, the Mecklenburg County District Court entered an Order setting aside the small claims judgment.

On November 8, 2013, the Assistant Clerk of Mecklenburg County Superior Court entered an Order of Possession finding that Bayview is entitled to possession of the Property and directing the Sheriff of Mecklenburg County to remove the occupants and personal property from the Property.

On November 8, 2013, the Assistant Clerk of Mecklenburg County Superior Court entered an Order Denying the Debtor's Motion to Quash the Order of Possession.

Thus, by November 8, 2013, the Murrells had exhausted their legal remedies in both State and Federal Court and were on the verge of being forcibly removed from the Property.

**V. Murrell's Second Bankruptcy Case.**

Three days later, on November 11, 2013, Murrell filed a pro se Chapter 7 case, Case No. 13-32400 in this Court (the "Second Bankruptcy Case"). Then, on November 19, 2013, he filed an adversary proceeding against Bayview, First Horizon Home Loan Corporation, Trustee Services of Carolina, and (John) Does, 1-10, Case No. 13-3207.

In the adversary proceeding, Murrell again suggested that Bayview, the assignee of the securitized note and deed of trust, was not the holder of the Note and its foreclosure was fraudulent. Murrell sought a ruling to establish that he was the sole and exclusive owner of the Property, to set aside the foreclosure, and to recover damages. The Second Bankruptcy Case, including all adversary proceedings therein, was assigned to the undersigned.

Bayview responded to the Second Bankruptcy Case with a motion seeking dismissal or alternatively relief from stay. *See* Case No 13-32400, ECF No. 13. A hearing on that Motion was scheduled for December 5, 2013.

5

On December 4, 2013, Murrell retained counsel in the person of Nikita V. Mackey, Esq.. Murrell and Mackey were present at the December 5, 2013 hearing on Bayview's Motion to Dismiss, as was Bayview's attorney, Ashley Edwards, Esq.. At that hearing, the parties advised the undersigned that they had reached a settlement, the terms of which were read into the record. Murrell was sworn and agreed on the record to the terms of that settlement, which was memorialized in a Consent Order dated December 16, 2013. Case No. 13-32400, ECF No. 37.

Under the December 16, 2013 Consent Order, Murrell waived and released any and all claims against Bayview held by him or any entity which he has control over, including the Trust. (collectively the "Entities"). He agreed, on behalf of himself and the Entities, to immediately dismiss any and all lawsuits, actions, or hearings that he or Phoenician Trust has pending against Bayview in any court and agreed not to file any other lawsuits related to the Property or the loan. Further, Murrell agreed to vacate the Property and turn the house over to Bayview in good condition no later than January 1, 2014. It was specifically agreed by Murrell and Bayview that Bayview would be granted relief from stay to pursue its state law remedies, including eviction of Murrell from the Property. Finally, it was agreed that Murrell's Adversary Proceeding be dismissed with prejudice. The Second Bankruptcy Case was dismissed on January 6, 2014.

Apparently, Murrell did not comply with the Consent Order. Rather, four months later, on April 1, 2014, Murrell, acting pro se, filed a motion seeking to have the undersigned recuse himself in this dismissed case, and to overturn the Consent Order. That Motion variously maintains that the undersigned bankruptcy judge failed to advise him, Murrell, that Ashley Edward(s) ("Edwards") previously clerked for the judge before joining the Parker Poe law firm. Murrell contends that recusal is required under 28 USC § 455. Murrell asserts that he did not sign a waiver of the alleged conflict.

6

Second, Murrell argues that there is nothing in the record to indicate that Murrell and counsel understood the settlement agreement and its consequences or that the Court questioned Murrell and counsel whether the client was in agreement "in relinquishing his property rights to Bayview Servicing, LLC, or that the undersigned was "vigilant in maintaining the level of fairness equally between the parties." [ECF No. 42, p. 6]. Further, he accuses Edwards of intimidating him and coercing him into signing the settlement agreement. *Id.*

## Discussion

I.    **The Motion to Reconsider Dismissal of the Case is DENIED.**

While the Debtor's Motion is couched as a Motion to Reopen, it is in actuality a Motion to Reconsider Dismissal, which falls under Bankruptcy Rule 9024. First, a Motion to Reconsider Dismissal requires case wide notice; this was not done. Second, the Debtor did not give any valid legal reason why his case should be reinstated under Rule 9024. Under Rule 9024, which incorporates Rule 60 of the Federal Rules of Civil Procedure:

> "On motion and just terms, the court may relieve a party … from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."

Murrell did not specifically identify any reason upon which to grant his Motion to Reconsider Dismissal. However, given his filing of a Motion to Recuse, it appears that Murrell seeks reconsideration based on 1) the undersigned's alleged bias in favor of his former law clerk,

Ashley Edwards, attorney for Bayview and 2) his belief that had he had an impartial judge, he would have been able to retain the Property.

### A. There is no Basis for Recusal under either 28 U.S.C. § 455(a) or the Canon of Judicial Conduct.

The Debtor requests that the undersigned recuse himself from the Debtor's case pursuant to 28 U.S.C. § 455(a) and the Canon of Judicial Conduct. The Motion to Recuse misapprehends that Edwards as a former law clerk is disqualified from practicing before the undersigned.

Under § 455(a), a judge must determine "whether a reasonable person knowing all the circumstances would be led to the conclusion that the judge's 'impartiality might reasonably be questioned.'" *Smith v. Pepsico*, 434 F.Supp. 524, 525 (S.D. Fla. July 11, 1977). This standard does not require a judge to recuse himself due to "unsupported, irrational or highly tenuous speculation." *In re EBW Laser, Inc.*, 2012 WL 3490018, 1 (Bankr. M.D.N.C. Aug. 14, 2012) (*citing U.S. v. DeTemple*, 162 F. 3d 279, 286 (4th Cir. 1998)).

Under neither 28 U.S.C. §455 nor the Canon of Judicial Conduct is a former law clerk disqualified from practicing before a judge, nor do they require the judge to recuse himself or make the disclosure and seek a waiver from the parties, as Murrell suggests. There is no case authority that supports the Debtor's contention.

Rather, the *Smith* court and others have held that the appearance of a former law clerk, particularly one whose clerkship ended several years prior, as an attorney in a case before the Court is "insufficient to lead a reasonable person to question the court's impartiality and, therefore, for the court to recuse itself." 434 F. Supp. at 526. The Bankruptcy Court for the Middle District of North Carolina in *In re EBW Laser, Inc.* came to the same conclusion explaining, "All of the proceedings in the bankruptcy court occurred after [law clerk] had departed and it is clear that he could not have worked on the matters involving the allegations of

8

misconduct … nor have gained any "special insight" into the court's thinking regarding such matters as alleged in the Motion to Recuse." 2012 WL 3490018, at *2; *see also U.S. v. DeTemple*, 162 F.3d 279 (4th Cir. 1998) (holding that the marriage of one of the judge's law clerks to the prosecutor did not provide a basis for recusal of judge on ground his impartiality might reasonably be questioned, in case in which the marriage, took place a month after defendant's initial indictment and almost two years prior to his criminal trial).

Edwards served as the judge's law clerk from August 2009 until September 2010, more than three years prior to Debtor's bankruptcy. A motion to recuse based solely on Mrs. Edwards's status as a former law clerk is insufficient to require recusal under § 455(a). The Motion is **DENIED.**

### B. There are no Other Grounds Upon Which to Grant the Motion to Reconsider Dismissal.

Murrell's Motion is also premised on the notion that had an "impartial judge" decided the Motion that he may have prevailed and retained ownership of the Property. This assertion is erroneous. The Debtor seeks to use the Bankruptcy Court as a forum for overturning the state court foreclosure and invalidating the Substitute Trustee's Deed recorded with the Mecklenburg County Register of Deeds prior to the Chapter 7 petition date. This Court does not have the authority to grant such relief to the Debtor. It is well established that the Rooker-Feldman Doctrine bars lower federal courts, such as this Bankruptcy Court, from sitting in direct review of state court judgments. *See Wilson v. Fed. Nat'l Mortg. Ass'n*, 2012 U.S. Dist. LEXIS 66142 (W.D.N.C. April 19, 2012) (holding that the court lacked subject matter jurisdiction where the plaintiff sought relief from an order entered in a state court foreclosure proceeding); *See also Salinas v. US Bank Nat'l Ass'n*, 2013 U.S. Dist. LEXIS 126263 (E.D.N.C. August 22, 2013); *Almanzar v. Bank of Am., NA*, 2013 U.S. Dist. LEXI 182085 (M.D.N.C. December 31, 2013).

The Debtor simply cannot obtain the remedy he seeks in this Court. As a result, there is no cause to grant the Motion to Reopen.

The underlying issues (ownership, right to possession) have been heard and decided by final order by both the State Court, this Court in Murrell's first bankruptcy case, and then by Judge Mullen in the Federal action. Those decisions were final long before this case was ever filed. Under traditional preclusion doctrines, Rooker-Feldman, collateral estoppel, res judicata, the undersigned could not alter those decisions even if so inclined. Basically, before his first case was filed, the State Court foreclosure divested Murrell's trust of ownership and made Bayview the owner of the Property. This was recognized by the State Court when it ordered Murrell's eviction from the Property; by Judge Hodges when he said the Property was not estate property and there was no bankruptcy stay; and by Judge Mullen in his decision dismissing the federal action under 12(b)(6). Those judges' impartiality is not questioned by the Debtor.

Additionally, the Motion to Dismiss was resolved through a consent order. It was settled and the undersigned did not make a contested ruling, but simply approved the parties' negotiated settlement. Murrell was represented by counsel who negotiated the settlement with Bayview, outside of the court's presence. The parties simply announced the settlement and then read the precise terms into the record. Furthermore, Murrell was present, sworn, and questioned and attested that he understood and agreed to the terms of the settlement. Contrary to his current representation, the Court asked him as much and informed him that a settlement was not required. His suggestion that he was coerced, intimidated, or not properly informed is not credible.

10

The bottom line is that the consent order simply implemented the prior courts' earlier decisions. Even if his case were reinstated, Murrell would not be able to achieve his goal of regaining ownership/retaining possession of the Property.

Against this backdrop, the current motion is but one more craven effort to retain the Property that Murrell has been unable to pay for, and to thwart Bayview from receiving its legal rights.

## Conclusion

For the foregoing reasons, the Court hereby **DENIES** the Motion to Reopen and Motion to Recuse.

**SO ORDERED**.

| | |
|---|---|
| This Order has been signed electronically. The Judge's signature and court's seal appear at the top of the Order. | United States Bankruptcy Court |